# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA (TAMPA)

# CASE NO 8:20-CR-242-MSS-CPT

UNITED STATES OF AMERICA

V

YASON ARBEI MORENO GOMEZ

## SENTENCE MEMORANDUM

COMES NOW the defendant, through undersigned counsel, and respectfully alleges and prays:

1. Sentence in this case is set for March 4, 2021 at 10:30 before the Honorable Mary Scriven. Parties have been allowed until March 24, 2021 to file Sentence Memoranda.

2. The undersigned has carefully reviewed the Presentence Investigation Report with the defendant at the Pinellas County Jail in his own native language of Spanish.

3. The undersigned would note the following factual objections to the Report:

    a. At page 5 paragraph 13 of the Report the PO describes "Puentarena, Costa Rica" as the last port of call when it was in fact "El Naya, Colombia" from whence the crew departed and never made landfall, but were in open waters for a period of 2 days before apprehended.
    b. At page 6 paragraph 14 of the Report the defendant is described as the load guard. In fact, his role was that of an ordinary seaman with menial responsibilities associated therewith.

- c. At page 8 paragraph 42 of the Report the PO notes the defendant's mother, age 78, is in good health. In fact, the mother recently underwent brain surgery to repair a ruptured artery where the top of her cranium had to be removed temporarily.
4. The Probation Office has set the Recommended Base Offense Level at 34 owing to the quantity of drugs, 83 kilograms of cocaine and 909 kilograms of marijuana, converted pursuant to USSG 2D1.1(c)(3) to 17, 509 kilograms of marijuana. The undersigned does not dispute this straightforward computation.
5. The Probation Office fails to award any credit pursuant to USSG 5C1.2 (safety valve). The defendant, with no prior criminal record and no incidences of disqualifying factors mentioned in the Guideline, clearly merits the reduction but for the government's assertion it has not concluded its debriefing of the defendant, required under subsection (5) of the Guideline. The undersigned expects this will be satisfied by the date of sentence. The defendant has in fact been debriefed over the telephone once, and the undersigned, today, has placed sufficient monies in the defendant's otherwise barren account to complete a second telephone call to agents tomorrow. There is no indication the defendant has been untruthful in his responses and, on the contrary, the undersigned expects further information will be forthcoming worthy of consideration as a variance under *United States v Robinson 741 F.3d 588 (5th Cir 2014)*
6. The Report makes no allowance for minor role adjustment, USSG 3B1.2. The defendant was hired to be a crewman aboard the GFV for which he was to be paid a total 20 million Colombian pesos with a 500,000-peso advance, the equivalent of $139.07 according to today's conversion table. The leading case on this matter remains indisputably *United States v Rodriguez De Varon, 175 F.3d 930 (11 Cir 1999)*. The defendant's role must be

measured against the conduct for which he is being held accountable. The defendant was transported to the dispatch site where he awaited the arrival of his two codefendants. Together they were transported from the launch site by a fourth individual who dismounted onto an accompanying vessel once defendant's GFV reached open waters. There are, thus, at least two identifiable participants with higher ranking than the defendant: the captain and the individual who guided the defendant's GFV to open waters and then dismounted.

7. Furthermore, it must be noted, the codefendant, Yakli Javier Orozco Perez, was recently sentenced by this Honorable Court to a term of 24 months imprisonment and his attorney, likewise, advocated for a minor role adjustment. It is bedrock law defendants with similar records found guilty of similar conduct be treated the same. To be sure, the co-defendant did receive the benefit of a substantial assistance award at time of sentence, USSG 5K.1, but otherwise all factors remain the same between them, 18 United States Code Section 3553(a).

8. The personal history of the defendant is depressing: multiple children, none with any real job, poverty, it is a wonder how the people of this region of Colombia survive except on the meager earnings of a fisherman. It should be noted, however, the defendant had the incentive to obtain a commercial fishing license, PSI par 63, enabling him to work on the bigger fishing boats leaving Colombia. Close to shore, the defendant explained no such license is required. Most of all, in conversations with the defendant during the undersigned's representation the defendant presents as good natured and polite.

WHEREFORE IT IS RESPECTFULLY PRAYED THE COURT IMPOSE A SENTENCE THAT IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE ENDS OF JUSTICE AS SET FORTH IN 18 UNITED STATES CODE SECTION 3553(a).

Respectfully,

/s/Scott Kalisch
SCOTT KALISCH

**CERTIFICATE OF SERVICE**

I hereby certify that I have mailed copy of this Sentence Memorandum to AUSA Tereza Zambrano Ohley by EM/ECF electronic filing this 23rd day of February 2021

/s/Scott Kalisch

SCOTT KALISCH

435 SOUTH OREGON AVENUE, SUITE 104

TAMPA, FLORIDA 33606

TEL 305 669 0808

EMAIL: scottkalisch@bellsouth.net